IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Aniello Grimaldi,<br><br>         Plaintiff,<br><br>     vs.<br><br>His Holiness Pope Benedict XVI, The Roman Catholic Church; Apostalic Nunciature, Most reverend Carlo Maria Vigano; United States Conference of Catholic Bishops; Bishop Larry Silva, Archdiocese of Honolulu; John Doe, Priest,<br><br>         Defendant. | Civ. No. 12-00203 HG-RLP |

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

Plaintiff alleges an unidentified priest assaulted, battered, and violated his right to Freedom of Speech and Freedom of Religion.  Plaintiff claims that the co-defendants were responsible for the priest's actions.

Defendant Bishop Larry Silva moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b) for insufficiency of service of process and failure to state a claim.  The Complaint is **DISMISSED WITHOUT PREJUDICE**.

**PROCEDURAL HISTORY**

On February 3, 2012, Plaintiff Aniello Grimaldi (hereafter

1

"Plaintiff Grimaldi"), proceeding *pro se*, filed a Complaint in the United States District Court, Southern District of New York against Defendants His Holiness Pope Benedict XVI, The Roman Catholic Church, Apostalic Nunciature, Most reverend Carlo Maria Vigano, United States Conference of Catholic Bishops, Bishop Larry Silva, Archdiocese of Honolulu, and John Doe Priest. (Doc. 1).

On February 14, 2012, venue was transferred to this Court pursuant to a Transfer Order. (Doc. 3).

On July 11, 2012, Defendant Bishop Larry Silva (hereafter "Defendant Bishop Silva") filed "DEFENDANT BISHOP LARRY SILVA'S MOTION TO DISMISS COMPLAINT FILED ON FEBRUARY 3, 2012" (hereafter "Motion to Dismiss") (Doc. 8).

On July 12, 2012, this Court entered a Minute Order and elected to rule upon the Motion to Dismiss without a hearing pursuant to Local Rule 7.2(d). (Doc. 9).  The Court set July 25, 2012 as Plaintiff's deadline to file any Opposition to the Motion to Dismiss.

On July 30, 2012, Plaintiff Grimaldi requested a continuance to respond to the Motion to Dismiss because he stated he did not receive a copy of the Motion. (Doc. 12).

On July 31, 2012, the Court entered a Minute Order extending Plaintiff's deadline to file any Opposition to the Motion to Dismiss to August 24, 2012.  At the request of Plaintiff, the

Court also amended Plaintiff's address and sent a copy of the Motion to that address. (Doc. 13).

Plaintiff did not comply with the Court's July 31, 2012 Order and has not filed an Opposition to the Motion to Dismiss.

On August 2, 2012, a Status Conference was held before the Magistrate Judge. Plaintiff Grimaldi did not appear in person or by telephone at the Status Conference.

On September 27, 2012, a Rule 16 Scheduling Conference was held before the Magistrate Judge. Plaintiff Grimaldi did not appear in person or by telephone at the Scheduling Conference.

**BACKGROUND**

The Complaint states Plaintiff Grimaldi attended a Sunday Mass service at St. Augustine Church By The Sea located in Honolulu, Hawaii. (Complaint at ¶ a). Although Plaintiff alleges that he attended the Mass Service on or about February 4, 2012 or on February 12, 2012, (id.), the Complaint was filed on February 3, 2012 in the Southern District of New York.

Plaintiff Grimaldi states he made a comment to a priest while receiving communion during the Mass Service. (Id. at ¶ c). Plaintiff alleges the priest responded by grabbing his right arm without permission and later evicted him from the church. (Id. at ¶ d, f). Plaintiff claims the priest's actions were an assault and battery and violated Plaintiff's right to Freedom of Speech

and Freedom of Religion. (Id.)  Plaintiff maintains that the co-defendants are responsible for the priest's actions. (Id. at ¶ h).  Defendant Bishop Silva moves to dismiss the Complaint.

**STANDARD OF REVIEW**

**I.   Insufficiency of Service of Process**

A challenge to service of process may be made by motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for defects in the manner of service or insufficient service of process.

Federal Rule of Civil Procedure 4(m) provides that the plaintiff is responsible for the service of the complaint and summons within 120 days after the filing of the complaint.  Rule 4 requires plaintiff to provide copies of the summons and complaint to the person effecting service.  Fed. R. Civ. P. 4(c)(1).

Rule 4(l) of the Federal Rule of Civil Procedure states that "[u]nless service is waived, proof of service must be made to the court . . . by the server's affidavit."  Fed. R. Civ. P. 4(l).

**II.  Lack of Prosecution**

Federal Rule of Civil Procedure 41(b) provides that a "dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue,

or failure to join a party under [Federal Rule of Civil Procedure] 19 - operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).  Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute or for failure to comply with court orders.  Pagano v. OneWest Bank, F.S.B., CV 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012)(citing Link v. Wabash R.R. Co., 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

A district court must weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

## ANALYSIS

**I.  Plaintiff Has Failed to Serve Any Defendant**

The Complaint was filed on February 3, 2012.  Plaintiff Grimaldi was required to accomplish service by June 3, 2012.

Plaintiff has not filed any certificates of service as to any defendant, as required by Federal Rule of Civil Procedure 4. He has failed to properly effect service by the Rule 4(m) deadline.

**A.  Defendant Bishop Silva's Motion to Dismiss for insufficiency of service of process**

Defendant Bishop Silva moves to dismiss the Complaint because Plaintiff Grimaldi has not complied with Federal Rule of Civil Procedure 4.

Federal Rule of Civil Procedure 4(e) governs service upon individuals within a judicial district of the United States.  It states:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

Rule 4(e) also allows for an individual to be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Hawaii Rule of Civil Procedure 4 mandates service of an

individual in precisely the same manner as Federal Rule of Civil Procedure 4(e)(2).  See Haw. R. Civ. P. 4.

Plaintiff Grimaldi was required to serve Bishop Larry Silva personally, at his home, or on an agent authorized by law to accept service for him.  The only evidence of service is provided by Defendant Bishop Silva who states Plaintiff attempted to serve him by sending a copy of the Complaint and Summons by regular United States mail.  Plaintiff did not file a certificate of service in connection with his attempted service on Defendant Bishop Silva.  Plaintiff Grimaldi failed to meet the service requirements prescribed by Federal Rule of Civil Procedure 4(e).  Stanley v. Goodwin, 475 F. Supp. 2d 1026, 1034-35 (D. Haw. 2006).

**B.   Plaintiff Grimaldi has not requested an extension of time for service.**

The deadline for service of the Complaint was June 3, 2012.  Federal Rule of Civil Procedure 4(m) permits a court to extend the time for service if the plaintiff shows good cause for the failure.  Plaintiff Grimaldi has not requested an extension of time for service.

Plaintiff Bishop Silva's Motion to Dismiss the Complaint is **GRANTED.**

**II.  Lack of Prosecution**

It is necessary to weigh five factors to determine if a case should be dismissed for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

The Federal Rule of Civil Procedure 4(m) service deadline passed on June 3, 2012 and Plaintiff Grimaldi has not filed a certificate of service as to any of the defendants, nor has he requested an extension to effect service.  Plaintiff did not file an Opposition to the Motion to Dismiss.  He also failed to appear at the August 2, 2012 Status Conference and the September 27, 2012 Rule 16 Scheduling Conference, and has not filed a Rule 16 Scheduling Conference Statement.  Little or no discovery has been undertaken.  Public policy favors disposition of a case on the merits.  The Court finds that dismissal of Plaintiff's Complaint without prejudice is appropriate.

The Court finds it unnecessary to address the allegation in the Motion to Dismiss that Plaintiff failed to state a claim.

The Complaint is **DISMISSED WITHOUT PREJUDICE.**

**CONCLUSION**

Plaintiff failed to effect service on any defendant as prescribed by Federal Rule of Civil Procedure 4 and has failed to prosecute his claims.

The Complaint is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

DATED: October 17, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

Aniello Grimaldi v. His Holiness Pope Benedict XVI, et al.; Civil No. 12-00203 HG-RLP; ORDER DISMISSING ACTION WITHOUT PREJUDICE.